IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-60772
Summary Calendar
_____


CLELIA ARACELY RIVERA-ESTRADA,

                                        Petitioner,


versus


IMMIGRATION AND NATURALIZATION
SERVICE,

                                        Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
A-29-322-950
_____

July 9, 1996
Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]


        Clelia Aracely Rivera-Estrada petitions for review the Board

of Immigration Appeals' (the "BIA") order denying her application

for adjustment of status and request for voluntary departure.

Rivera-Estrada argues that she should be awarded an adjustment of

status, and alternatively, voluntary departure, because she meets

_____

        [*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

the statutory requirements of 8 U.S.C. § 1255(a) and the record does not support the BIA's fact findings. Rivera-Estrada also contends that the BIA erred by basing its decision, in part, on her violation of immigration law because her previous deportation was "waived" by the INS.

Because § 1255(a) provides for discretionary adjustment of status, Rivera-Estrada is not entitled to such relief. Jarecha v. INS, 417 F.2d 220, 223 (5th Cir. 1969). The BIA's decision is supported by substantial evidence; therefore, Rivera-Estrada has failed to show an abuse of discretion. See Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994). The BIA did not abuse its discretion by basing its decision in part on her immigration violations because substantial evidence supports such finding and the INS did not "waive" her previous deportation. See 8 C.F.R. § 212.2(e). The BIA did not abuse its discretion by denying Rivera-Estrada's request for voluntary departure based on the same reasons for its denial of adjustment of her status. See 8 U.S.C. §§ 1101(f)(3),(6), 1182(a)(2)(A)(West 1970 & West Supp. 1996). Rivera-Estrada's petition for review is

D E N I E D.